IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRIAN S. CULVER**                                                              **PETITIONER**

V.                                            CIVIL ACTION NO. 3:19CV434 HTW-LGI

**WARDEN, USP-YAZOO CITY**                                                **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Brian Culver files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Culver was convicted of five counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), and he is currently serving a 60-year sentence imposed by the United States District Court for the Northern District of Alabama.  Petitioner seeks to utilize the United States Supreme Court decisions in *Trevino v. Thaler,* 569 U.S. 413 (2013) and *Martinez v. Ryan*, 566 U.S. 1 (2012) as vehicles to proceed under the savings clause of 28 U.S.C. § 2255(e).  Because Petitioner fails to satisfy the savings clause requirements of § 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct.  *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).  A § 2255 petition is "the primary means of collaterally attacking a federal sentence" and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration.  *Robinson v.*

*United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted)).  A § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which was raised, or could have been raised, in a § 2255 motion filed in the district of conviction.[1]  However, if a prisoner can show that the § 2255 remedy would be "*inadequate or ineffective to test the legality of [the prisoner's] detention*," he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255(e).  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis in original) (citation omitted).  If the § 2255 remedy is shown to be adequate or effective, then the district of incarceration lacks jurisdiction to entertain the § 2241 petition.

To invoke this exception and this court's jurisdiction, a petitioner must show that his claim (1) is based on a retroactively applicable Supreme Court decision establishing that the petitioner may have been convicted of a nonexistent offense (2) and was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion. § 2255(e).  *Reyes-Requena*, 243 F.3d at 904.  Section 2241 is not a mere substitute for 2255, and a § 2241 habeas petitioner bears the burden of coming forward with evidence as to each element of the test. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).

---

[1] "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985), 28 U.S.C. § § 2242-2243.  At the time of filing, Culver was in the custody of the Federal Correctional Institute-Low in Yazoo City.  Although he has since been transferred to a new facility, this court has jurisdiction to entertain his § 2241 petition, notwithstanding his transfer to a different facility and custodian. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Here, Culver essentially argues that his § 2255 remedy was "inadequate or ineffective to test the legality of his detention," not because a retroactive applicable Supreme Court decision established that he was convicted a nonexistent offense, but because he received ineffective assistance of counsel on post-conviction review. Relying on the Supreme Court's decisions in *Martinez* and *Trevino*, Culver argues that he should be allowed to proceed under § 2255(e)'s "savings clause" because his post-conviction counsel was ineffective in failing to include an ineffective assistance of trial counsel claim—i.e, that his sentence was improperly enhanced under the Prosecutorial Remedies and Tools Against the Exploitation of Children Act of 2003 ("PROTECT Act"), PL 108–21, April 30, 2003, 117 Stat 650, 117 Stat. 650 (2003). [2] Though post-conviction counsel raised multiple ineffective assistance of counsel sentencing claims in Culver's § 2255 motion, all of which were rejected, Culver contends that this precise claim should have been raised. *Culver v. United States*, 2014 WL 6455145 (N.D. Ala., Nov. 13, 2014). At issue therefore, is whether, having raised multiple ineffective assistance of counsel claims in his 2255 motion, Culver is "now entitled to add additional allegations[,] not by obtaining permission to file a successive section 2255 motion, but through section 2241." *Purkey v. United States*, 964 F.3d 603, 615 (7th Cir.), *reconsideration denied,* 812 F. App'x 380 (7th Cir. 2020), and *cert. denied,* 141 S. Ct. 196, 207 L. Ed. 2d 1128 (2020).

---

[2] In response to the Court's order directing a supplemental response directly addressing this assertion, Respondent acknowledges that Culver's contention that he was sentenced under the PROTECT Act appears to be accurate.

In support of his PROTECT Act claim, Culver cites to the Third Circuit's decision in *United States v. Tykarsky*, 446 F.3d 458, 480 (3d Cir. 2006), which held on direct appeal, that "[a]bsent a special jury finding that Tykarsky violated § 2422(b) after April 30, 2003, the date on which the [PROTECT Act] became effective, the District Court erred in imposing the mandatory minimum sentence prescribed by the Act." Liberally construed, Culver contends that his sentence was improperly enhanced based on pre-enactment conduct because it included conduct from "in or about September 2002 to in or about November 2003."[3] To be sure, *Tykarsky* is not a retroactively applicable Supreme Court decision establishing that Culver may have been convicted of a nonexistent offense; it is a Third Circuit decision upon which Culver relies to argue his sentence was improperly enhanced. But it is well-established that challenges to the validity of a sentence enhancement do not fall within the savings clause because they are not claims that the petitioner is actually innocent of the crime of conviction. *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426–27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause). Moreover, *Tysarksy* was decided in 2006, before Culver's conviction and post-conviction proceedings. There was nothing structurally inadequate or ineffective about § 2255 that precluded Culver from asserting that trial counsel was ineffective for failing to raise this sentencing claim before now.

---

[3] *See Culver*, 2014 WL 6455145, at *5 (detailing the evidence supporting sentencing enhancement). The undersigned also granted Respondent's request to submit a copy of Culver's pre-sentence report.

4

Though Culver asserts the failure should be attributed to the ineffectiveness of post-conviction counsel, his reliance on the Supreme Court decisions in *Martinez* and *Trevino* is misplaced. In *Martiniez/Trevino,* the Supreme Court qualified existing law that held that a "petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings" because [t]here is no constitutional right to an attorney in state post-conviction proceedings. . ." *Coleman v. Thompson*, 501 U.S. 722, 757, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). *Martinez* recognized a narrow exception: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9, 13–14. The rationale being that, in states where "the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." *Id.* at 11. Accordingly, a procedural bar imposed by state courts "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino* extended *Martinez* to convictions from Texas and other jurisdictions when an ineffective-assistance-of-trial-counsel claim could not be raised effectively in a direct appeal. *Trevino*, 133 S. Ct. at 1914.

But as the Fifth Circuit has recognized, "the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review within the meaning of 28 U.S.C. § 2244." *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014). Nor has either case been extended to the savings clause context. Rather, "the holdings in *Martinez* and *Trevino* were limited to the determination that ineffective assistance of counsel in the first collateral proceeding . . . could excuse failure to exhaust the ineffective-assistance-of-trial-counsel claim in state court." *In re Paredes*, 587 F. App'x at 813. As other circuits courts have noted, "[t]hose cases deal solely with the procedural default of ineffective-assistance-of-counsel claims in state habeas corpus proceedings; they have no bearing whatsoever on the § 2255(e) savings clause." *Abdur–Rahiim v. Holland*, No. 15–5297, 2016 U.S. App. Lexis 13207 (6th Cir. Jan. 12, 2016) (citing *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). *See also Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021), *cert. denied sub nom. Pavulak v. Warden, FMC Butner*, 142 S. Ct. 1188 (2022); *Purkey*, 964 F.3d at 617–18; *Jackman v. Shartle*, 535 F. App'x 87, 89 (3d Cir. 2013), n. 5 (3rd Cir. 2013) (per curiam).

Moreover, as with *Tykarsky*, neither *Martinez* nor *Trevino* establishes that Culver was actually innocent or convicted of a non-existent offense. *Blum v. Wilson*, 855 F. App'x 219 (5th Cir. 2021) (Supreme Court decision relied on by petitioner "did not decide that the conduct leading to Blum's conviction was "an act that the law does not make criminal," which is the required showing under the actual innocence prong of the savings clause test") (quoting *Reyes-Requena*, 243 F.3d at 904–05). The production of child pornography remains a criminal offense, and the overwhelming evidence

supporting Culver's conviction is detailed in *United States v. Culver*, 598 F.3d 740 (11th Cir. 2010) and *Culver v. United States*, 2014 WL 6455145, at *5.[4]

In sum, Culver does not assert that he is "actually innocent" of the crimes he was convicted of in connection with his ineffective assistance of counsel claim, only that his sentence was improperly enhanced under the PROTECT Act. Because he fails to make the requisite showing to bring his claims within the savings clause of § 2255(e), he has not demonstrated the inadequacy of the § 2255(a) remedy, which is the primary mechanism for collaterally challenging errors that occurred at or prior to sentencing. Accordingly, the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to

---

[4] Respondent has also submitted a copy of Culver's pre-sentence investigation report as an exhibit to his supplemental response.

proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted on April 20, 2022.

                                                 s/ LaKeysha Greer Isaac
                                                 UNITED STATES MAGISTRATE JUDGE