IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRIAN S. CULVER**  **PETITIONER**

vs.  **CIVIL ACTION No.: 3:19-CV-434-HTW-LGI**

**WARDEN, USP-YAZOO CITY**  **RESPONDENT**

## ORDER

BEFORE THIS COURT is the Motion for Reconsideration **[Docket no. 34]**, filed by Petitioner Brian S. Culver ("Culver"). Culver, by his Motion, dated June 10, 2022, asks this court to set aside its May 29, 2022, Order and Final Judgment dismissing Culver's Writ of Habeas Corpus with prejudice. [Docket nos. 31 and 32]. To date, the respondent, Warden, USP-Yazoo City, has filed no response to Culver's Motion.

Culver filed his underlying petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A federal prisoner may seek post-conviction relief under either § 2241 or 28 U.S.C. § 2255, but the mechanisms for each are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (internal citations omitted). A § 2255 petition is "the primary means of collaterally attacking a federal sentence" and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v. Case*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted)). A § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which was raised, or could have been raised, in a § 2255 motion filed in the district of conviction; however, if a prisoner can show that the § 2255 remedy would be "inadequate or ineffective to test the legality of [the prisoner's] detention," he may be permitted to bring a habeas corpus claim

1

pursuant to § 2241 under the "savings clause "of 2255(e). *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis in original) (citation omitted). If the § 2255 remedy is shown to be adequate or effective, then the district of incarceration lacks jurisdiction to entertain the § 2241 petition.

To invoke this exception and this court's jurisdiction, a petitioner must show that his claim (1) is based on a retroactively applicable Supreme Court decision establishing that the petitioner may have been convicted of a nonexistent offense (2) and was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion. § 2255(e). *Reyes-Requena*, 243 F.3d at 904. Section 2241 is not a mere substitute for 2255, and a § 2241 habeas petitioner bears the burden of coming forward with evidence as to each element of the test. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).

This court previously has determined that Culver failed to meet this burden. Culver argued that his § 2255 remedy was "inadequate or ineffective to test the legality of his detention," not because a retroactive applicable Supreme Court decision established that he was convicted of a nonexistent offense, but because he received ineffective assistance of counsel on post-conviction review. This court, in lockstep with the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac, held that Culver failed to make the requisite showing to bring his §2241 claims within the savings clause of § 2255(e); accordingly, Culver had no mechanism for collaterally challenging errors that occurred at or prior to sentencing. This court; therefore, dismissed Culver petition for writ of habeas corpus under §2241 with prejudice for lack of jurisdiction [Docket nos. 31 and 32].

Culver argues that this court should overturn its previous Final Judgment dismissing his Petition "because the court did not have an opportunity to consider [his] rebuttal to the Government's response to [his] objections to the Magistrate [Judge's] Report and Recommendation." [Docket no. 34].

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241, 2005 WL 1528611, at *1 (S.D. Miss May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

There are only three grounds for which this court may grant a motion for reconsideration: "(a) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000). If none of these three grounds is present, this court must deny the motion. Id. at *3.

Culver summarizes his argument in favor of reconsideration, as follows: "1. My sentence is illegal. 2. My trial attorney was ineffective for neglecting this claim. 3. My [§]2255 attorney did not properly address any of this." [Docket no. 33, p. 2].

Culver's Rebuttal [Docket no. 33] does not present any new evidence or jurisprudence for this court to consider. Culver, instead, merely reiterates his previous argument that he should be allowed to proceed under §2255 in light of the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) (establishing that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial") and *Trevino v. Thaler*, 569 U.S. 413 (2013) (extending *Martinez* to convictions

from Texas and other jurisdictions when an ineffective-assistance-of-trial-counsel claim could not be raised effectively in a direct appeal). This court previously has established that Culver's cited cases do not bear upon the "savings clause" of §2255; rather, "the holdings in *Martinez* and *Trevino* were limited to the determination that ineffective assistance of counsel in the first collateral proceeding . . . could excuse failure to exhaust the ineffective-assistance-of-trial-counsel claim in state court." *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014).

This court has again reviewed the submissions of the petitioner, including his rebuttal to the Government's response to his objections to the Magistrate Judge's Report and Recommendation, and the relevant jurisprudence, and is persuaded, as before, this matter should be dismissed with prejudice, and that the Motion for Reconsideration filed by Culver [Docket no. 34] should be denied.

**IT IS, THEREFORE, ORDERED that Culver's Motion for Reconsideration [Docket no. 34] hereby is DENIED.**

**SO ORDERED this the 13th day of December, 2022.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**